UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 15-138-DLB

JOSEPH CARR                                                                                    PLAINTIFF

V.                         **MEMORANDUM ORDER**

LAKE CUMBERLAND REGIONAL                                                  DEFENDANTS
HOSPITAL, LLC, et al.

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Plaintiff Joseph Carr's Motion to Remand this action to Pulaski County Circuit Court. (Doc. # 6). For the reasons set forth below, Plaintiff's Motion to Remand is **denied**.

**I.   BACKGROUND**

On July 9, 2015, Plaintiff filed this civil action against Defendant Lake Cumberland Regional Hospital, LLC ("LCRH") d/b/a Commonwealth Bariatric Center and John D. Husted, M.D. (" Defendant Husted") in Pulaski County Circuit Court, asserting claims for negligence, gross negligence, battery, negligent training and supervision, willful and malicious injury, negligent misrepresentation, violation of Kentucky's Health Services and Facilities regulations,[1] violation of the Kentucky Consumer Protection Act, and punitive damages against Defendants. (Doc. # 1-3, Complaint). On July 31, 2015, Defendants removed this case to federal court based on diversity jurisdiction. (Doc. # 1). In response, Plaintiff filed the instant Motion to Remand, arguing that this case is not removable. Although Plaintiff acknowledges that

---

[1] 902 KAR 20:260 § 4

the parties are diverse,[2] Plaintiff claims Defendant LCRH is a citizen of Kentucky, and thus, cannot remove this case to federal court under the "forum-defendant rule." (Doc. # 6). LCRH claims it is a citizen of Delaware and Tennessee, not a citizen of Kentucky. (Doc. # 7 at 6-10).

## II.     ANALYSIS

### A.     Standard of Review

A defendant may remove any civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Once a case is removed, a plaintiff may bring a motion to remand under 28 U.S.C. § 1447(c). "[R]emoval statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Therefore, "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *see also Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir, 1989).

However, when removal is based on diversity jurisdiction, the citizenship of the defendant(s) must be considered. Pursuant to the forum-defendant rule, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In other words, if a defendant is a citizen of the state in which the action was brought, the action is not removable, despite the parties' diverse citizenship. LCRH claims it is a citizen of Tennessee and Delaware, based on the citizenship of its members. (Doc. # 7 at 6-10).

---

[2] Plaintiff admits that Defendant Husted is a citizen of California. (Doc. # 1-3 at ¶ 12). Plaintiff admits that he is a citizen of Ohio. (*Id.* at ¶ 1).

Plaintiff, however, claims LCRH is a citizen of Kentucky. Accordingly, the citizenship of LCRH must be determined.

### B. Citizenship of Limited Liability Companies

For purposes of diversity jurisdiction, courts have created a distinction between incorporated entities and unincorporated entities. 28 U.S.C. § 1332(c) indicates that a corporation is a citizen of its incorporating state and its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). However, "[t]he general rule is that all *unincorporated* entities – of which a limited liability company is one – have the citizenship of each partner or member." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (emphasis added). Therefore, membership is the key inquiry in determining a limited liability company's citizenship for jurisdictional purposes.

### C. Citizenship of LCRH

LCRH is a limited liability company whose sole member is LifePoint of Lake Cumberland, LLC ("LifePoint"), a limited liability company with a principal office in Brentwood, Tennessee. (Doc. # 7 at 3; Doc. # 7-2). LifePoint's sole member is LifePoint Holdings 2, LLC ("LifePoint Holdings"), a limited liability company with a principal office in Brentwood, Tennessee. (*Id.*). LifePoint Holding's sole member is LifePoint Hospitals Holdings, Inc., a corporation, incorporated in Delaware, with a principal place of business in Tennessee. (*Id.*)

Plaintiff contends that LCRH is a Kentucky citizen, based on *Brewer v. SmithKline Beacham Corp.*, 774 F. Supp. 2d 720 (E. D. Pa. 2011), an Eastern District of Pennsylvania case, which held that when a holding company is the sole member of a limited liability company, citizenship is determined by the "nerve center" of the limited

liability company – namely, the location of the company's operational decision-making. (Doc. # 6-1 at 5). Plaintiff further contends LCRH's "multi-tiered structure is an artifice to manipulate jurisdiction" and this Court should not "allow LCRH to selectively choose when it is and is not affiliated with Kentucky." (Doc. # 12 at 5-6). In response, Defendants rely on the Sixth Circuit's decision in *Delay* and assert that LCRH "is a citizen of both Delaware and Tennessee because its sub-members are citizens of those two states, due to the fact that LifePoint Hospitals Holdings, Inc., is a Delaware corporation with its principal place of business in Tennessee." (Doc. # 7 at 6).

The Sixth Circuit has clearly established "that a limited liability company has the citizenship of each of its members." *Delay*, 585 F.3d at 1005 ("we so hold today").[3] The "nerve center" test used in *Brewer* converts the test for a limited liability company's citizenship into the "principal place of business" test for a corporation if a holding company is the sole member of a limited liability company. *Brewer v*, 774 F. Supp. 2d 720. While that may be the test in the Third Circuit, *Brewer* has no applicability in this Circuit, and it conflicts with the citizenship test for limited liability companies established by the Sixth Circuit.

Although LCRH's membership requires the Court to analyze several layers of membership, *Delay* envisioned such a multi-layer analysis:

> When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each "sub-member" as well. Indeed, if even one of RCG's members – or one member of a member – were a

---

[3] This principle is not dicta, as Plaintiff argues, and *Delay* continues to be cited with approval for that proposition by the Sixth Circuit. *See e.g., Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) ("We assess the citizenship of limited liability corporations [sic] ("LLC") differently, however: an LLC has the citizenship of each of its members.").

4

citizen of Ohio, then complete diversity, and with it federal jurisdiction, would be destroyed.

*Delay*, 585 F.3d at 1005 (internal citations omitted.)

In fact, the Sixth Circuit recently engaged in the multi-layer analysis it contemplated in *Delay*, and the Court finds that decision particularly instructive. *See Delphi Auto. Sys. v. United Plastics, Inc.*, 418 F. App'x 374 (6th Cir. 2011). In *Delphi*, the Sixth Circuit questioned whether the district court's exercise of diversity jurisdiction was proper because it was unclear that the parties were actually diverse. *Delphi*, 418 F. App'x at 378. Specifically, the plaintiff-limited liability company, Delphi Automotive Systems, LLC had three tiers of organization for the Sixth Circuit to analyze in order to determine citizenship. Delphi Automotive Systems, LLC's sole member was another limited liability company, Delphi Holdings, LLC. Delphi Holdings, LLC's sole member was Delphi Corporation, a corporate entity organized and existing under the laws of Delaware, with its principal place of business in Troy, Michigan. Accordingly, the Sixth Circuit imputed Delphi Corporation's Delaware and Tennessee citizenship to the plaintiff, and held that the parties had established the existence of complete diversity.

Similarly, determining LCRH's citizenship requires this Court to engage in a multi-layer examination of several limited liability companies' membership. LCRH is a limited liability company whose sole member is another limited liability company, LifePoint. (Doc. # 7 at 3; Doc. # 7-2). Therefore, as in *Delphi*, the diversity inquiry continues. LifePoint's sole member is LifePoint Holdings, another limited liability company. (*Id.*) LifePoint Holding's sole member is LifePoint Hospitals Holdings, Inc., a Delaware corporation, with a principal place of business in Tennessee. (*Id.*) Pursuant to *Delay* and *Delphi*, LifePoint Hospitals Holdings, Inc.'s citizenship, in both Delaware and

Tennessee, is imputed to the limited liability companies up the organizational chain, and ultimately, to LCRH. Therefore, LCRH is a citizen of Delaware and Tennessee.

Accordingly, Defendants here have demonstrated that there is complete diversity – Plaintiff is a citizen of Ohio, LCRH is a citizen of Delaware and Tennessee, and Defendant Husted is a citizen of California. (Doc. # 1-3 at ¶ 12). Furthermore, because LCRH is not a citizen of Kentucky, the forum-defendant rule does not apply, and this case is removable under 28 U.S.C. § 1441. Therefore, this Court has subject matter jurisdiction and Plaintiff's Motion to Remand is denied.

### III. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. # 6) is **denied**.

This 7th day of March, 2016.

Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\London\2015\15-138 Remand Order.docx